* Judge Hitchcock
delivered the opinion of the court:
Without going into a minute detail of the testimony in this case,. I will only say that, in the opinion of the judges who tried it, the: weight of that testimony was against the verdict. But inasmuch *257 as it was not entirely against evidence, and as we do not like to interfere with the verdicts of juries in this class of cases, had there •been no question with respect to the pleadings, judgment would probably have been rendered for the defendant.
The'principal question presented by these pleadings is, whether it can be a good defense to an action of slander for the defendant to show by his plea, that when he spoke the words, he stated that ■he had heard them from another, naming at the same time his •author; and showing further that the author'referred to, had spoken the same words. We are aware that it is laid down in •some of the elementary books that such is the law. The same principle is found in reported cases; and it is known that such has been the decision of this court upon the circuit. But is it a sound principle ? Does it comport with the object and intention of the action of slander ?
' “ Slander is the defaming a man in his reputation, by speaking or writing words, from whence any injury in property or character arises, or may arise to him of whom the words are used.” Com. Dig. 496. Or it “is the publishing of words, in writing, or ‘by speaking, by reason of which the person to whom they relate becomes liable to suffer some corporal punishment, or to sustain some loss of property.” 6 Bac. Ab. 201. Or, according to Chan.cellor Kent, “the injury consists in falsely and maliciously charging another with the commission of some public offense, or the breach of some public trust, or with any1 matter in relation to his particular trade or vocation, and which, if true, would render him •unworthy of employment; or lastly, with any other matter or ■things by which special injury is sustained.” 2 Kent’s Com. 16. The object of the action of slander is to recover damages for the •injury sustained in consequence of such false and malicious ■charges, and also, where' there is a great degree of malice, to punish the slanderer for his misconduct. Now there can be no doubt that as great and lasting injury may be done to reputation, -as deep an impression may be made upon the minds of those who hear, where the slanderer speaks of a charge *made as a report, tracing that report to a particular individual, as if he made the charge upon his own responsibility. In many cases, there is no more effectual way of destroying character than by •dark insinuations, that the individual referred to is suspected, that ■this, that, and the other say that he is guilty. In truth, this is *258 the course more usually resorted to, by him who is determined to inflict an aggravated injury upon his neighbor. But if the-matter contained in the plea in this case be a good defense to the-action, the individual thus conducting, if he can but prove that the persons referred to have said of him who is charged that he is guilty, will screen himself from liability, no matter as to the extent of the injury.
Again, if the principle be adhered to that a defense like the one interposed in the present ease is available, then the slanderer*will be at full liberty to propagate reports originating with the most worthless members of the community — originating with pei’sons whose characters, where known, would be a sure protection against any slander they might utter, but whose characters are or may be^ unknown to those to whom the slanderer makes the communication. As a matter of fact, we know that resort has been had to this kind of management, to gratify a malicious disposition, and at the same time to avoid responsibility.
Further, unless there be xnalice, there is no slander. In order to constitute the offense, the words must be falsely and maliciously spoken. In truth, malice constitutes the gist of the action. Malice will be implied from the speaking of certain classes of words. But this presumption may be rebutted. As much malice may be evinced in circulating as in originating slanderous rsportsj And that rule can not be a good one which would subject to liability the author while it exempts the propagator, both being actuated by the same malicious motive, and both inflicting the same degree of injury.
¥e have ever doubted the propriety of this principle, and, whenever an attempt has been made to defend under it, have witnessed more or less of its injustice, and of difficulties growing out' of it. In the case before the court there was, as appeared to the judges who attended the trial, evidence of a much more than ordinary degree of malice.
There is no necessity for it in practice. If slanderous words are spoken under circumstances which negative the *presumption of malice, whether an author be given or not, they are not actionable, malice being the gist of the action. And the question of malice is at all times open for investigation. In every case, whether the defendant be the author, or whether he bo - *259 merely the propagator of a slander originating with another, the proper inquiry is, were the words maliciously spoken, and that question properly arises under the plea of the general issue. And should a defendant be able to satisfy a jury that, in speaking the words, he, in good faith and without any improper’ motive, had merely communicated information received from another, it is not to be expected that any jury or any court would mulct him in damages, for such state of case would rebut all presumption of malice. So far as the matter contained in the plea can be relied on as a defense, it is a defense under the general issue.
In a late case in the court of king’s bench, McPherson v. Daniels, 21 Eng. Com. Law, this subject was fully considered. It is true that the question before the court was rather as to the form than the substance of the plea — a plea substantially the same, if not precisely the same, with the one before this court in the present case. But in deciding the case, the court held, in strong language, that it was no defense in an action of slander that the ,person uttering the words should, when he uttered them, give his author.
It seems, to a majority of the court, that this decision is consistent with policy, right, justice, and common sense, and we are willing to adopt it as the law of this case.
The verdict of the jury must be set aside, a venire facias de novo awarded, and a repleader ordered. As, however, the plaintiff took issue upon the plea, instead of filing a demurrer, he .must pay the costs of the trial.
Judge Wood dissented.